■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES L. MAULT, Appellant, against J. VERNEL JACKSON, as Warden of Clinton Prison, Respondent.— Appeal from an order of the County Court of Clinton County which dismissed a writ of habeas corpus. Relator, imprisoned in a State prison, attacks the judgment of conviction, rendered upon a jury verdict, on the ground that sections 433 and 451 of the Code of Criminal Procedure were not complied with. We find to the contrary. Section 433 provides that when the jury have agreed upon their verdict and have been conducted into court, "Their names must then be called, and if all do not appear, the rest must be discharged without giving a verdict". The record here shows that the jury returned and the clerk called the name of the defendant who answered, "Present", and continues: "Jury called: Answer Present." That the jury could be, and were, "called", as the word is used in the record, only by calling their individual names seems clear. Any other conclusion would necessarily distort the meaning of the language which the record employs. Absent is any proof whatsoever tending to contradict this conclusion of the general presumption of regularity. Further, defendant was represented by counsel and if the jury were not properly called, a waiver might properly be implied from counsel's failure to object, coupled with his subsequent failure to avail himself of the option conferred by section 450 to require a poll of the jury. The next step in the procedure was that required by section 451, providing as follows: "§ 451. Recording the verdict. When the verdict is given, and is such as the court may receive, the clerk must immediately record it in full upon the minutes, and must read it to the jury and inquire of them whether it is their verdict. If any juror disagree, the fact must be entered upon the minutes, and the jury again sent out; but if no disagreement be expressed, the verdict is complete, and the jury must be discharged from the case." The record discloses that the jury were asked whether they had agreed upon a verdict. The foreman replied that they had. The clerk then asked the foreman to rise and state the verdict, whereupon the foreman stated that, "We find the defendant guilty as charged". The record continues: "The Clerk: You say by your verdict you find the defendant Charles L. Mault, guilty of murder

in the second degree, as charged in the indictment? The Foreman: Yes. The Clerk: So say you all? The Jury: Yes." The portion of the record included with the papers on appeal ends at this point. We consider that the excerpt quoted discloses compliance with section 451. When, as here, a defendant has failed to require the poll of the jury, the court might well, as an added precaution, cause the question to be addressed to each juror but that procedure does not seem to us to be required by section 451. That a collective answer to the inquiry is sufficient seems clear from the language of the section and that conclusion appears inescapable when section 451 is read in conjunction with section 450 as to polling the jury, when demanded by either party. Upon such a poll, " they must be *severally* asked whether it is their verdict " (italics supplied), while under section 451, the clerk must " inquire *of them* whether it is their verdict " (italics supplied). Again, under the optional provisions of section 450, " if any one answer in the negative ", the jury must again be sent out, while that action is required by section 451 if, after inquiry " of them ", " any juror disagree ". Clearly section 451 contemplates, or at least permits, an inquiry directed to the collective jurors and a collective response, subject to the announcement by any individual juror of his disagreement. Further, there would seem to have been little or no purpose in the enactment of section 450, if the jury were to be polled, in any event, under section 451. We refrain from passing on respondent's contention that habeas corpus is not a proper remedy in this case. Our decision on the merits may avoid a multiplicity of proceedings on the part of this relator and the question of proper remedy may await determination in a case where the right to relief in some form shall be shown. Order unanimously affirmed. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.